The Honorable Karen A. Overstreet
Chapter 7 (Adversary)
Hearing Date: March 5, 2010
Hearing Time: 9:30 a.m.
Hearing Location: 700 Stewart St.,
Seattle – Room 7206
Response Date: February 26, 2010

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re<br><br>STEVEN C. BATEMAN and VIRGINIA T. LEE,<br><br>    Debtor. | Case No. 07-13346-KAO<br><br>REPLY IN SUPPORT OF MOTION TO CORRECT RECORD OR, IN THE ALTERNATIVE, TO VACATE ORDER GRANTING RELIEF FROM STAY |

REPLY IN SUPPORT OF MOTION TO CORRECT RECORD OR, IN THE
ALTERNATIVE, TO VACATE ORDER GRANTING RELIEF FROM STAY
AP Case No. 09-01184-KAO
DWT 14146027v3 0036234-000029

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Case 07-13346-MLB    Doc 120    Filed 03/02/10    Entered 03/02/10 16:20:09    Page 1 of 9

TABLE OF CONTENTS

I. INTRODUCTION AND SUMMARY OF REPLY ....................................................... 1

II. RESTATEMENT OF RELEVANT FACTS ................................................................ 1

    A. The Debtors' Objections to The Truth Have No Bearing on this Motion. .......... 1

    B. The Trustee's Response Focuses on Facts Irrelevant to Whether Creditors May Correct the Record by Substituting the Correct Exhibit. ........................... 2

    C. The Relevant Facts Show that Creditors' Motion Should Be Granted. ............. 3

III. ARGUMENT ............................................................................................................... 3

    A. This Motion is Unrelated to the Adversary Proceeding ..................................... 3

    B. Creditors Did Not Make Misrepresentations to the Court. ................................ 4

    C. Creditors Were Not Previously in a Position to Correct the Record. ................. 5

    D. Since the Stay Relief Order Granted Relief in Favor of Creditors, There Can Be No Harm to the Trustee or the Debtors in Vacating That Order. ................... 5

    E. Trustee's Discovery-Related Arguments are Inappropriate and Incorrect ......... 5

IV. CONCLUSION ........................................................................................................... 6

REPLY IN SUPPORT OF MOTION TO CORRECT RECORD OR, IN THE
ALTERNATIVE, TO VACATE ORDER GRANTING RELIEF FROM STAY - i
AP Case No. 09-01184-KAO
DWT 14146027v3 0036234-000029

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Case 07-13346-MLB    Doc 120    Filed 03/02/10    Entered 03/02/10 16:20:09    Page 2 of 9

## I. INTRODUCTION AND SUMMARY OF REPLY

Proving the adage that no good deed goes unpunished, Debtors and Edmund Wood ("Trustee") inexplicably oppose Creditors' attempt to correct an error in the record of these proceedings on a motion neither Trustee nor Debtors saw fit to contest. Indeed, Debtors and Trustee argue that Creditors are "trying to inappropriately manipulate the facts in this case in order to alter the outcome in the adversary proceeding." Dkt. 119, at 5:2-3. Never has confessing a mistake and offering the truth sounded quite so nefarious. Despite the vehement protests of Debtors and Trustee, not every action taken by a creditor is part of a grand scheme to lie and cheat. Frequently, parties file motions because they are necessary. In this case, Creditors made a mistake by attaching the wrong version of a document as an exhibit. Having recognized and eventually verified the mistake, Creditors have voluntarily come before the Court to admit that mistake, explain how it happened, and ask the Court for guidance regarding how best to remedy that mistake. Debtors and Trustee apparently view this as unfair, but offer no sound basis for denying Creditors' motion.

## II. RESTATEMENT OF RELEVANT FACTS

The Debtors and Trustee each make factual representations in their responses to Creditors' motion. Each will be addressed in turn, before returning to the relevant facts.

### A. The Debtors' Objections to The Truth Have No Bearing on this Motion.

Debtors argue that they knew as early as November 2008 of their alleged claims "about a potential issue with the Promissory Note and the assignments of the Note and Deed of Trust on their residence." *See* Dkt. 117, at 1:20-22; Dkt. 84 (noting that Section 341 hearing took place on November 25, 2008). Debtors do not explain what the "potential issue" is, but later explain that in September 2009 they entered into a "stipulation" with the Trustee such that if the Trustee prevailed on an adversary claim relating to this "potential issue," they would be entitled to their homestead exemption. *See* Dkt. 117, at 1:22-27. Debtors next suggest that they "relied on the documents in the Relief from Stay Motion and the affidavit filed under penalty of perjury that supported that motion when they agreed to the stipulation with the Chapter 7 Trustee," and that "any attempt by the creditor to vacate that order has significant ramifications to the

REPLY IN SUPPORT OF MOTION TO CORRECT RECORD OR, IN THE
ALTERNATIVE, TO VACATE ORDER GRANTING RELIEF FROM STAY – 1
AP Case No. 09-01184-KAO
DWT 14146027v3 0036234-000029

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Case 07-13346-MLB    Doc 120    Filed 03/02/10    Entered 03/02/10 16:20:09    Page 3 of 9

Debtors." *Id.* at 2:1-4. (Recall that Debtors did ***not*** oppose the Motion for Relief from Stay.) Debtors do not explain how claims they believed viable in November 2008 could be predicated on a January 2009 filing by Chase, how they relied on the 2009 documents, what these "significant ramifications" might be, or how correcting the record can harm them in any way. Debtors accuse Creditors of trying to "change the facts and nullify the adversary proceeding." *Id.* at 2:7-8. But that's just not true. The affidavit in support of the Motion for Relief from Stay was offered to establish standing to enforce the Deed of Trust, and the facts were entirely accurate; Creditors seek only substitution of an exhibit, and to confess to a mistake by explaining why the wrong document was likely submitted. To be sure, the wrong exhibit should not have been filed, but that is hardly "changing the fact[s]" that Creditors had standing to initiate foreclosure proceedings and seek relief from stay. Moreover, Debtors' position is nothing short of shocking: ***they object to the truth***, and ask the Court to prevent Creditors from correcting a mistake so that they might profit from a known error.

### B. The Trustee's Response Focuses on Facts Irrelevant to Whether Creditors May Correct the Record by Substituting the Correct Exhibit.

The Trustee's Response to the Creditors' Motion is hyperbolic and almost entirely irrelevant to the issue of whether the Court should permit Creditors to replace the exhibit filed in connection with the Motion for Relief from Stay (which the Trustee did ***not*** object to). Trustee claims that Chase "knowingly and intentionally" made false representations and acted in bad faith, but cites nothing in support of that broad attack. *See* Dkt. 119, at 2:8-15, 4:16-24. Indeed, the Trustee argues that correcting the record — i.e., ensuring accuracy of documents filed with the Court — is an effort to avoid liability in the adversary proceeding. *Id.* at 2:16-17. But Trustee does not explain how correcting the record on an unopposed motion granted a year earlier has any bearing on the adversary proceeding, which involves claims for an alleged failure to comply with the Deed of Trust Act, not whether the wrong document was attached to a bankruptcy court filing.[1]

---

[1] In order to show prejudice resulting from correction of the record, Debtors and the Trustee must contend that, had the correct version of the Allonge originally been attached to Ms. Sbaffoni's affidavit, Trustee would not have filed the adversary proceeding and Debtors would not have entered into their stipulation. They do not do so.

REPLY IN SUPPORT OF MOTION TO CORRECT RECORD OR, IN THE
ALTERNATIVE, TO VACATE ORDER GRANTING RELIEF FROM STAY – 2
AP Case No. 09-01184-KAO
DWT 14146027v3 0036234-000029

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Case 07-13346-MLB    Doc 120    Filed 03/02/10    Entered 03/02/10 16:20:09    Page 4 of 9

### C. The Relevant Facts Show that Creditors' Motion Should Be Granted.

During the Debtors' Section 341 meeting in November 2008, Debtors put the Trustee on notice of "a potential issue with the Promissory Note and the assignments of the Note and Deed of Trust on their residence." *See* Dkt. #117. In January 2009, Creditors filed a Motion for Relief from Stay ("Stay Relief Motion"). *See* Dkt. 88. Despite notice of alleged "issues" with the Note and/or Deed of Trust, neither the Debtors nor the Trustee responded to the Stay Relief Motion. Creditors have at all times material hereto had physical possession of the original Note and Deed of Trust. *See* Declaration of Ronaldo Reyes ("Reyes Dec."), Adversary Proceeding Dkt. # 38-4, ¶ 5; Declaration of Stacey Smith ("Smith Dec.), Adversary Dkt # 37, ¶ 10-11. Attached to the Note is an original Allonge containing an indorsement by Platinum (through Jeffery Pittman, President of Platinum) to Long Beach Mortgage Company ("Long Beach"), signed between December 2, 2005 and December 20, 2005. Smith Dec., Ex. A. In February 2010, Mr. Pittman reviewed the Note and attached Allonge bearing his signature and verified that the signature on the Allonge before the Court is his authentic signature. Declaration of Jeffery Pittman ("Pittman Dec."), Adversary Proceeding Dkt. # 35, ¶¶ 1-3. Ex. A.

### III. ARGUMENT

### A. This Motion is Unrelated to the Adversary Proceeding

The Trustee's response is premised on the illogical assumption that his claims in the pending adversary proceeding somehow require that the record in the main bankruptcy case be left undisturbed. This is wrong. The Trustee's lawsuit does not — and cannot — seek damages based on a mistaken filing with the Court in the context of an unopposed stay relief motion. Whether a mistaken copy of a document was filed as an exhibit to an affidavit is not determinative of whether Creditors own the Note and may foreclose on the corresponding Deed of Trust. Whatever probative value the extraneous Allonge has (or does not have, as the case may be) will not be disturbed by clarifying the record or vacating the Stay Relief Order.

After sifting through the accusations and finger pointing that permeate the Trustee's filings in this case, his position is that, since correcting the record doesn't further his grand conspiracy theory, the record should remain incorrect. Indeed, the Trustee would have the

REPLY IN SUPPORT OF MOTION TO CORRECT RECORD OR, IN THE
ALTERNATIVE, TO VACATE ORDER GRANTING RELIEF FROM STAY – 3
AP Case No. 09-01184-KAO
DWT 14146027v3 0036234-000029

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Case 07-13346-MLB    Doc 120    Filed 03/02/10    Entered 03/02/10 16:20:09    Page 5 of 9

Court ignore a mistake brought to its attention rather than remedy that mistake. The Trustee cannot complain about record inaccuracies and then complain about actions taken to correct those inaccuracies. This is particularly true given the Trustee's and Debtors' role in creating that record. Despite admittedly possessing knowledge regarding alleged "issues" relating to Creditors' entitlement to foreclose before the Stay Relief Motion was filed, the Trustee and Debtors acquiesced to entry of the Stay Relief Order rather than timely challenge Creditors' standing to seek stay relief. The Trustee and Debtors now seek to profit from a mistake they knew of and could have addressed in the context of the Stay Relief Motion.

Ignoring the obvious flaws in the Trustee's approach, his concerns regarding prejudice are unfounded. Neither correcting the record nor vacating the Stay Relief Order has any bearing on the Trustee's claims, which are all premised on the desperate hope that he will eventually stumble upon facts that support his theory that Creditors are not entitled to foreclose on the Deed of Trust. Explaining how an extraneous version of the Allonge was included with the copy of the Note attached to Ms. Sbaffoni's affidavit, and seeking the Court's guidance regarding how best to correct that mistake, has absolutely no bearing on the Trustee's claims. If anything, the Trustee should support vacating the Stay Relief Order, since doing so would effectively eliminate a prior finding that Creditors are entitled to foreclose.

**B.     Creditors Did Not Make Misrepresentations to the Court**

The Trustee attempts to portray an innocent mistake as intentional deception. But attaching an extraneous copy of the Allonge as an exhibit to Ms. Sbaffoni's affidavit amounts to, at most, mistake or inadvertence. It was a regrettable mistake, to be sure, and one Creditors take very seriously, but it is an innocent mistake nonetheless (since Creditors always had the original Note and Allonge). The purpose of Ms. Sbaffoni's affidavit — and the representations therein — was to establish Creditors' standing to seek stay relief. ***Creditors stand by those representations***. Since Creditors have at all times been in possession of the original Note and Allonge, there is no doubt that Creditors are in fact entitled to enforce the Note (and thus, are not liable to the Trustee). Thus, Creditors' fundamental position has remained consistent

REPLY IN SUPPORT OF MOTION TO CORRECT RECORD OR, IN THE
ALTERNATIVE, TO VACATE ORDER GRANTING RELIEF FROM STAY – 4
AP Case No. 09-01184-KAO
DWT 14146027v3 0036234-000029

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Case 07-13346-MLB    Doc 120    Filed 03/02/10    Entered 03/02/10 16:20:09    Page 6 of 9

throughout these proceedings. That said, Creditors recognize their burden to establish standing to seek stay relief. To erase any doubt regarding whether that burden was properly satisfied, Creditors seek to correct the record. Alternatively, if the initial stay relief motion is deemed defective as a result of the erroneous exhibit, Creditors will voluntarily forego the relief previously granted. This is not about trickery, manipulation, or litigation tactics; this is about rectifying a simple mistake to ensure the accuracy of the record. Unfortunately, it appears that the Trustee is only interested in accuracy if it helps his case in the adversary proceeding.

### C. Creditors Were Not Previously in a Position to Correct the Record.

Before Creditors could conclusively establish that the version of the Allonge attached to the original Note was authentic — and that the Allonge attached to Ms. Sbaffoni's affidavit as an exhibit was indeed extraneous — Creditors needed to locate Jeffery Pittman so that he could verify that the original Allonge attached to the Note bore his signature. Despite extended efforts, Creditors were not able to obtain Mr. Pittman's declaration verifying the authenticity of his signature on the original Allonge until the evening of February 4, 2010. Creditors' filed the subject motion roughly a week after obtaining Mr. Pittman's declaration.

### D. Since the Stay Relief Order Granted Relief in Favor of Creditors, There Can Be No Harm to the Trustee or the Debtors in Vacating That Order.

Admittedly, a request by the prevailing parties that the Court now deny them relief is unusual. Frankly, most cases addressing Rule 60(b) are likely inapposite, since those cases usually involve motions brought by parties that were *denied* relief. Contrary to the Trustee's accusations, however, there is no ulterior motive here. This motion is an effort to correct the record — nothing more, nothing less. Correcting a mistake in the record is not manipulative or inappropriate, and it is absurd to suggest that "getting it right" is prejudicial. Neither the Trustee nor the Debtors have articulated with any specificity how they will be in a worse position as a result of (i) the record being corrected or (ii) the Stay Relief Order being vacated.

### E. Trustee's Discovery-Related Arguments are Inappropriate and Incorrect

The Trustee attempts to inject a discovery dispute into this motion by accusing Creditors of concealing the identity of Barbara Hindman, whose declaration supports the pending Motion.

REPLY IN SUPPORT OF MOTION TO CORRECT RECORD OR, IN THE
ALTERNATIVE, TO VACATE ORDER GRANTING RELIEF FROM STAY – 5
AP Case No. 09-01184-KAO
DWT 14146027v3 0036234-000029

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Case 07-13346-MLB    Doc 120    Filed 03/02/10    Entered 03/02/10 16:20:09    Page 7 of 9

This attempt is both procedurally and substantively flawed. As a procedural matter, the parties have not yet had a discovery conference to address the Trustee's concerns. Therefore, the Trustee's complaints are premature. But substantively, Ms. Hindman would not have been identified in response to the Trustee's discovery requests *because her identification would not have been responsive to the requests*. The only request conceivably requiring identification of Ms. Hindman as a witness is Interrogatory No. 1, which asks Creditors to "Identify…all potential witnesses that have information and/or persons with knowledge relating to the allegations and claims made in this case." First, this request is *prima facie* overbroad, since the allegations touch on all aspects of Chase's business and literal compliance with that interrogatory would require identification of all Chase employees. Second, the allegations and claims referred to in this interrogatory all address Creditors' authority to enforce the Note. Ms. Hindman has no specific information or knowledge regarding the Note or Creditors' entitlement to enforce the Note.[2] Ms. Hindman's declaration is submitted for the purpose of explaining how this mistake occurred, not for the purpose of supporting Creditors' position (or rebutting the Trustee's claims) in the pending adversary proceeding. Thus, there could not have been any requirement to disclose her as a "potential witness" in response to Interrogatory No. 1.[3]

### IV. CONCLUSION

Defendants request that the Court enter an order permitting Creditors to file a substitute declaration with the correct Allonge, or, in the alternative, vacating the Stay Relief Order.

DATED this 2nd day of March, 2010.

    Davis Wright Tremaine LLP
    Attorneys for Deutsche Bank
    National Trust Company and
    JPMorgan Chase Bank, NA
    By /s/Fred B. Burnside
       Fred B. Burnside, WSBA #32491
       Joshua A. Rataezyk, WSBA #33046
       1201 Third Avenue, Suite 2200

---

[2] The Trustee's contends that "Ms. Hindman maintains that she has vast amounts of very specific information about the loan in question, such that this Court accept it without question and alter a previously entered order." Dkt. 119: at 3:5-7. This grossly mischaracterizes Ms. Hindman's testimony, which relates to the process by which documents are stored and retrieved for use as exhibits, rather than the specifics of Debtors' loan.

[3] The Trustee's complaint that Creditors did not identify Ms. Sbaffoni as a witness is similarly flawed. First, Ms. Sbaffoni functions as a records custodian, and in that capacity has no knowledge regarding enforcement of the Debtors' Note or Deed of Trust. Second, Ms. Sbaffoni's identity has at all times been known to the Trustee.

REPLY IN SUPPORT OF MOTION TO CORRECT RECORD OR, IN THE
ALTERNATIVE, TO VACATE ORDER GRANTING RELIEF FROM STAY – 6
AP Case No. 09-01184-KAO
DWT 14146027v3 0036234-000029

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Case 07-13346-MLB    Doc 120    Filed 03/02/10    Entered 03/02/10 16:20:09    Page 8 of 9

Seattle, Washington 98101-3045
Telephone: (206) 757-8016
Fax: (206) 757-7016
E-mail: fredburnside@dwt.com
E-mail: joshrataezyk@dwt.com

REPLY IN SUPPORT OF MOTION TO CORRECT RECORD OR, IN THE
ALTERNATIVE, TO VACATE ORDER GRANTING RELIEF FROM STAY – 7
AP Case No. 09-01184-KAO

DWT 14146027v3 0036234-000029

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700